THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM MURRAY, Superintendent, etc., and Others, Trustees of the Police Relief Fund, Respondents, v. JOHN McCLAVE, Treasurer of the Police Board, Appellant.

*Relief fund for police department — members of the police force are not compelled to contribute to it — 1885, chap. 486.*

In passing chapter 486 of 1885, entitled " An act to create a relief fund in the police department in all cities in this State having, according to the last census, a population exceeding one million," it was not the intention of the legislature to compel the members of the police force, against their own will, to contribute to and become beneficiaries of the fund created by the act, but it intended to leave it wholly to each one to determine for himself whether or not he desired to avail himself thereof.

Appeal from an order of the Special Term granting a peremptory *mandamus*, directing the respondent to deduct two dollars from the pay of members of the police force in the city of New York and to pay the same to the trustees of the pension fund.

*D. J. Dean,* for the appellant.

*E. M. Shepard,* for the respondents.

Davis, P. J. :

Two questions are raised upon this appeal. The first relates to the construction of chapter 486 of the Laws of 1885, entitled, " An act to create a relief fund in the police department in all cities in this State having, according to the last census, a population exceeding one million." And the second is as to the constitutionality of that act. The question of construction is raised to determine whether the relief fund created by the act is to be constituted, so far as it affects members of the police force, by a deduction of two dollars per month from the pay of each member of such force, without regard to his willingness or unwillingness to avail himself of the privileges and provisions of the act. The second section of the act is in these words :

" Section 2. The police relief fund shall consist of a sum of money equal to two dollars per month for each member of the police force of

said department, and also for each member or employee of said department other than the said police force who shall desire to avail himself of the privileges and provisions of this act, and also for members of the Police Mutual Aid Association of said department who, at the time of the passage of this act, are in good standing therein, and who shall desire to contribute to the said fund, to be paid monthly by the treasurer of the board of police or commissioners of police of said department to the treasurer of the board of trustees of the police relief fund created by this act, from moneys deducted from the pay of such members of said force or members and employees of said department, and the treasurer of the board of police or commissioner of police of said department is hereby authorized and directed to make such deduction from the pay of the members of said police force, as herein provided."

The point is whether the words "who shall desire to avail himself of the privileges and provisions of this act" relate to and qualify the words "each member of the police force of said department," as well as the words "each member or employee of said department other than said police force," or are limited altogether to the latter.

A careful study of section 2 in connection with section 4 and a consideration of the general scheme of the act have convinced us that it was the clear intention of the legislature to create only a voluntary fund, to be made up only by persons who desired to avail themselves of the privileges and provisions of the act, and that the power given to the treasurer of the board of police or of the commissioners of police of said department to deduct from the pay of members of the police force is limited to such members as shall desire to avail themselves of the benefits of the act, or, in other words, that the provisions of the act, in this respect are altogether voluntary and in no sense compulsory. It was we think the manifest intention of the legislature not to compel the members of the police force against their own will to become beneficiaries of the fund created, but to leave it wholly to each one to determine for himself whether or not he desires to avail himself thereof. This is shown not only by the language used but by the punctuation adopted. The insertion of the comma after the words "police force," as used in the second section, operates to make the intent more manifest by carrying back

the qualifying words to the first branch of the section as well as to the second, and thereby subjecting both to the limitation of the phrase " who shall desire to avail himself of the privileges and provisions of the act." And this, as it seems to us, is made more clear by the provisions of section 4 touching the distribution of the fund. It is by that section provided that " upon the death of any member of the police force of said department, or member or employee thereof, other than the said police force, contributing to the said fund, or of any person heretofore a member or employee and so contributing, there shall be paid by the trustees of said fund to the person or persons designated in writing by such member, employee or person so contributing thereto," etc.

Here we think is manifested with great plainness the intention of the legislature to confer the benefits of the fund only upon such officers or other persons as contribute thereto, and the language used would seem to indicate a voluntary rather than a compulsory contribution. It is not an answer to this construction to say that no act of the legislature was necessary if the fund was to be created only by those who desired to avail themselves of its benefits, because the assertion is not well founded. It required an act of the legislature to constitute the superintendent of police and the inspectors of police of the police department and their successors in office a board of trustees of the fund as provided by the act, and to authorize them to do the several things pointed out for the administration of the fund. They became a corporation by force of the act and their power and control in its administration, and the duties imposed upon them could only be created and conferred by the legislature. This construction we think is not only in accordance with the legislative intent, and the more natural one of the language used, but it is essential to obviate serious questions touching the validity of the act which might under another construction be raised. Those questions are very fully discussed by the court below in the opinion delivered, but our construction of the act renders it unnecessary to consider them. The construction we give unquestionably makes the act a valid one and creates a board with ample power to take charge of and use the fund for the benefit of those who desire to enjoy its advantages without trenching in any way upon the legal or constitutional rights of others.

We think the order should be reversed, and the writ of *mandamus* denied, but without costs.

BRADY and DANIELS, JJ., concurred.

Order reversed and *mandamus* denied, without costs.